UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BERTHA HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-274 |
| ) | 3:10-CV-030 |
| ) | (VARLAN/SHIRLEY) |
| V. ) | |
| ) | |
| DOLGENCORP, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Judge [Doc. 54] referring Plaintiff's Motion to Compel [Doc. 51] to this Court for disposition.

**A.    Background and Procedural Posture**

The Plaintiff was employed by the Defendant as a retail store manager, until her termination on June 28, 2008. [Doc. 1 at ¶ 21, 33]. Plaintiff alleges that Dollar General terminated her employment because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq*. [Doc. 1 at ¶ 49-50].

In the motion now before the Court, the Plaintiff requests that the Court enter an order compelling the Defendant to produce certain documents in response to her Third Request for Production of Documents. [Doc. 51]. The Defendant responds that the documents requested are not

relevant or within the scope of discoverable information, under Rule 26 of the Federal Rules of Civil Procedure. [Doc. 59].

On March 16, 2011, the parties presented for a telephonic hearing to address the Motion to Compel. [See Doc. 60]. The Court addressed two of the areas of production requested in Plaintiff's Motion to Compel in the telephonic hearing, as was detailed in the Court's minutes of the proceeding. The Defendant agreed to produce the progressive counseling documents for store managers who worked within District 144[1] ("the District"), under the terms of the Protective Order [Doc. 20] in this case. The Court also addressed the Plaintiff's request for a "summary print-out listing [the managers'] annual review results," [Doc. 51 at 3], but at the adjournment of the hearing, this issue remained unresolved.

On April 1, 2011, the parties presented for the continuation of the previous hearing. Present in the courtroom was Attorney David Burkhalter, representing the Plaintiff, and Attorney Frederick Lewis, representing the Defendant. At that time, the parties represented that only two areas of dispute remained: (1) the Plaintiff's request for production of appraisals of store managers working in the District under decision-maker Maria Daniels, and (2) Plaintiff's request for production of termination documents for the 11 managers involuntary terminated by the decision-makers in this case, Ms. Daniels and Jennifer Smallwood,[2] within the District. The Plaintiff represented, and the Defendant concurred, that all other issues and requests for production including in his Motion to Compel had been resolved.

---

[1]The Plaintiff was a store manager working within District 144.

[2]Ms. Daniel worked as the district manager, while Ms. Smallwood worked as a national or regional human resources employee and was allegedly consulted in the decision to terminate the Plaintiff.

**B.**     **Applicable Law**

Rule 26 directs:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The scope of discovery is not limited to evidence that will be admissible at the trial of the case. Marshall v. Bramer, 828 F.2d 355, 357-58 (6th Cir.1987).

In order to be successful in her Age Discrimination in Employment Act claim, the Plaintiff must demonstrate, by direct or circumstantial evidence, that the Defendant discharged or discriminated against her with respect to his compensation, terms, conditions, or privileges of employment, because of her age, which will then shift the burden of production to the Defendant. See Geiger v. Tower Auto., 579 F.3d 614, 620-623 (6th Cir. 2009). A *prima facie* case of age discrimination under the Tennessee Human Rights Act may be established by showing that the Plaintiff: (1) was a member of the protected class, (2) was qualified for the position, (3) was terminated, and (4) was replaced by a substantially younger person. Bundy v. First Tenn.Bank Nat. Ass'n, 266 S.W.3d 410, 416-17 (Tenn. Ct. App. 2007).

With the applicable law and the parties' positions in mind, the Court turns to each of the remaining issues.

C.  **Appraisals of Store Managers**

The Plaintiff requests that the Defendant be ordered to produce annual appraisals for other store managers within the District. The Plaintiff maintains that these reviews are relevant because they may include a pattern of age discrimination in reviewing store managers' performance. The Defendant notes that this case is not based upon performance and maintains that the Plaintiff's request exceeds the limits of discovery.

The Court finds that the Plaintiff's Motion to Compel is well-taken, in part. After considering the allegations in this suit, the nature of the documents requested, and the applicable rules of evidence, the Court finds that production of appraisals made by Ms. Daniels during her tenure in the District is reasonably calculated to lead to the discovery of admissible evidence, See Fed. R. Civ. P. 26(b)(1). The Defendant **SHALL PRODUCE** any annual appraisals of store managers she composed, submitted, or worked on in any fashion between 2003 to December 31, 2009.

D.  **Termination Documents for Store Managers Involuntary Terminated**

The Plaintiff also requests that the Defendant be ordered to produce termination documents for other store managers terminated within the District. The Plaintiff argues that this production may reveal a pattern of inconsistent discipline or termination, based upon a age. The Defendant, again, maintains that this request exceeds the bounds of discovery and requests documents that are not relevant.

At the hearing, the Plaintiff proffered the reasons for termination supplied as to each of the 11 managers involuntary terminated within the District, which were as follows:

| | |
|---|---|
| Manager No. 1 | Falsifying documents; |
| Manager No. 2 | Falsifying documents, performance issues; |
| Manager No. 3 | Failure to protect company assets, mishandling funds; |
| Manager No. 4 | Violation of company policy; |
| Manager No. 5[3] | Failure to protect company assets, mishandling funds, violation of company policy; |
| Manager No. 6 | Violation of company policy; |
| Manager No. 7 | Failure to protect company assets, mishandling funds; |
| Manager No. 8 | Failure to protect company assets, mishandling funds; |
| Manager No. 9 | Inappropriate conduct, violation of company policy; |
| Manger No. 10 | Violation of company policy; and |
| Manager No. 11 | Falsifying documents, failure to protect company assets, mishandling funds. |

The Defendant agreed that these were the reasons for termination supplied as to each of the managers that were terminated within the District. The Plaintiff requests an order directing the Defendant to allow her to examine the termination documents underlying these general descriptions.

The Plaintiff was terminated for allegedly leaving a backdoor open and, thereby, placing company property at risk. As noted above, her termination was described by the company as being due to failure to protect company assets, mishandling funds, violation of company policy.After considering the allegations in this suit, the nature of the documents requested, and the applicable rules of evidence, the Court finds the production of the termination documents relating to Manager No. 3, Manager No. 4, Manager No. 5, Manager No. 6, Manager No. 7, Manager No. 8, Manager No. 10, and Manager No. 11, is reasonably calculated to lead to the discovery of admissible evidence, See Fed. R. Civ. P. 26(b)(1).

---

[3]"Manager No. 5" is Plaintiff Bertha Hawkins.

Thus, the Court finds that the Plaintiff's Motion to Compel is well-taken, in part. The Defendants **SHALL PRODUCE** the termination documents relating to Manager No. 3, Manager No. 4, Manager No. 5, Manager No. 6, Manager No. 7, Manager No. 8, Manager No. 10, and Manager No. 11.

**D.     Conclusion**

In sum, the Motion to Compel **[Doc. 51]**[4] is **GRANTED IN PART** and **DENIED IN PART**, to the extent more fully stated above. The motion is **GRANTED** in that the Defendants **SHALL PRODUCE**: (1) any annual appraisals of store managers in the District that Ms. Daniels composed, submitted, or worked on in any fashion between 2003 to December 31, 2009, and (2) the termination documents relating to Manager No. 3, Manager No. 4, Manager No. 5, Manager No. 6, Manager No. 7, Manager No. 8, Manager No. 10, and Manager No. 11. The Defendant **SHALL COMPLETE** this production on or before **April 18, 2011**. All other requests for relief contained there in are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[4] This Order also **GRANTS IN PART** and **DENIES IN PART** Document **No. 35** in Case No. 3:10-CV-030, which is identical to Document 51 in Case No. 3:09-CV-274.